IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-38

 No. COA20-572

 Filed 18 January 2022

 Wake County Nos. 09 CRS 211758-60, 09 CRS 211765

 STATE OF NORTH CAROLINA

 v.

 GREGORY ALDON PERKINS, Defendant.

 Appeal by Defendant from judgments entered 19 February 2020 by Judge Paul

 C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 21 June

 2021.

 Attorney General Joshua H. Stein, by Special Deputy Attorney Generals Amy
 Kunstling Irene & Jonathan P. Babb, for the State.

 Jason Christopher Yoder for defendant-appellant.

 MURPHY, Judge.

¶1 An indictment for a sex crime that refers to a victim by her initials is facially

 valid when a person of common understanding would know the intent of the

 indictment was to charge the offender with the offense stated in the indictment and

 the offender’s constitutional rights to notice and freedom from double jeopardy are

 adequately protected. Here, the use of the victim’s initials in two sex offense with a

 child indictments, one first-degree rape indictment, and one incest indictment did not

 render the indictments fatally defective because a person of common understanding
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 would know the intent of the indictments was to charge Defendant with the offenses

 as stated in the indictments, and his constitutional rights to notice and freedom from

 double jeopardy were adequately protected.

¶2 The trial court is statutorily required to order a defendant to enroll in lifetime

 satellite-based monitoring (“SBM”) when he is classified as a sexual predator, a

 recidivist, convicted of an aggravated offense, or an adult convicted of statutory rape

 of a child or statutory sex offense with a victim under the age of thirteen. As

 Defendant was convicted of at least one aggravated offense, the trial court did not err

 by ordering him to enroll in lifetime SBM.1

¶3 A defendant may maintain a claim for statutory ineffective assistance of

 counsel on appeal of an SBM order if he can demonstrate that the trial counsel’s

 failure to object rises to the level of deficient performance and he was prejudiced by

 the deficient performance. However, Defendant fails to demonstrate he was

 prejudiced by Defense Counsel’s failure to object to the reasonableness of the

 imposition of lifetime SBM because searches effected by the imposition of lifetime

 SBM upon aggravated sex offenders are per se reasonable.

 BACKGROUND

 1 This opinion does not address the impact, if any, of the General Assembly’s recent

 passage of N.C. Session Law 2021-138, signed by the Governor on 2 September 2021, effective
 1 December 2021. 2021 S.L. 138.
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

¶4 This appeal includes a lengthy procedural history. We summarized the

 underlying facts of this case in one of Defendant’s earlier appeals as follows:

 In June 1998, [D]efendant [Gregory Aldon Perkins] was
 hired by “Jane”[2] to perform computer system work for the
 Town of Albemarle. At that time, Jane was married with
 two girls, [Katrina] and [Maria]; [D]efendant was also
 married but had no children. Defendant and Jane
 separated from their spouses to begin dating each other.
 They married in June 2001 and subsequently moved from
 Albemarle to Apex.

 [Maria] testified that when she was in the third grade,
 [D]efendant began to sexually abuse her. Defendant would
 give [Maria] a back rub before moving his hands beneath
 her clothes. The sexual abuse included [D]efendant
 digitally penetrating her vagina and performing oral sex on
 her. Defendant also taught [Maria] how to perform oral
 sex on him. According to [Maria], the abuse occurred as
 many as four times a week.

 In the summer before she began the sixth grade,
 [D]efendant had vaginal intercourse with [Maria].
 Defendant offered [Maria] a “deal” by which she could
 receive things such as new clothes, no curfew restrictions,
 or spending more time with friends if she cooperated with
 his requests for sex. When [Maria] was in the ninth grade,
 [D]efendant convinced Jane to let [Maria] start taking
 birth control. [Maria] reiterated that [D]efendant would
 typically abuse her about four times a week.

 In 2008, [D]efendant announced that he was unhappy with
 his marriage to Jane and wanted to move out of the house.
 Defendant’s last sexual encounter with [Maria] occurred
 sometime between Christmas 2008 and January 2009

 2 We use pseudonyms for all relevant persons throughout this opinion to protect the

 identity of the juveniles and for ease of reading.
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 when he moved out.

 In October 2009, [Maria] became upset while looking at
 pictures of accused sexual offenders in a newspaper and
 told her boyfriend that [D]efendant had sexually abused
 her. [Maria] then told her sister, [Katrina], and her
 mother, Jane, that [D]efendant had abused her “for a long
 time.” Jane called the Apex Police Department.

 The Apex Police interviewed [Maria], [Katrina], Jane, and
 [Maria’s] boyfriend. They also interviewed two childhood
 friends of [Maria] who, years before, had been told by
 [Maria] that she was being sexually abused by [D]efendant.
 Mental health counselors determined that [Maria] was
 depressed and exhibited symptoms of post-traumatic stress
 disorder associated with long-term child sexual abuse.
 When interviewed by the Apex Police, [D]efendant denied
 [Maria’s] allegations and stated that [Maria] created the
 allegations against him because she did not want
 [D]efendant to reconcile with Jane.

State v. Perkins, COA13-1352 (further citation omitted) (2014) (unpublished)

(“Perkins I”), disc. rev. denied, (further citation omitted) (2015).3 On 5 January 2010,

Defendant was indicted, inter alia, for two counts of first-degree sexual offense with

a child (one count by digital vaginal penetration and one count by cunnilingus), one

 3 To further protect the minor and consistent with our evolving practices regarding

protection of innocent persons, we exercise our discretion to prevent the unnecessary
inclusion of potentially identifying information regarding the victim in this case and her
family. We note that this exercise of discretion, an inherent authority of our Court, is
consistent with changes in the protection of victims’ rights as reflected in Article I, § 37 (titled
Rights of Victims of Crime) of our State’s Constitution (commonly known as Marsy’s Law),
as enabled by N.C. Session Law 2019-216, and is in furtherance of the procedures adopted by
our Supreme Court’s 2019 amendments to Rule 42 of the North Carolina Rules of Appellate
Procedure. N.C. Const. art. I, § 37; see 2019 S.L. 216; N.C. R. App. P. 42 (2019).
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 count of indecent liberties with a child, one count of first-degree rape of a child, and

 one count of incest.

¶5 Defendant’s first trial began in November 2010. On 29 November 2010, a

 mistrial was declared after the jury failed to reach a unanimous verdict. Defendant

 was retried on 19 September 2011. The jury found Defendant guilty of one count of

 taking indecent liberties with a child but was unable to reach unanimous verdicts on

 the other charges. As a result, the trial court declared a mistrial for the remaining

 charges and sentenced Defendant on the one indecent liberties conviction. Defendant

 received (as a Prior Record Level I offender) an active sentence of 16 to 20 months.

¶6 Defendant did not timely appeal the indecent liberties conviction. As the only

 remaining avenue to appellate review, Defendant filed a Petition for Writ of Certiorari

 with this Court for the purpose of reviewing the judgment entered upon his indecent

 liberties conviction. We allowed his petition and found no error. State v. Perkins,

 COA15-5, (further citation omitted) (2015) (unpublished) (“Perkins II”), disc. rev.

 denied, appeal dismissed, (further citation omitted) (2015).

¶7 In 2012, Defendant was retried for the remaining charges: two counts of first-

 degree sexual offense with a child, one count of first-degree rape, and one count of

 incest. On 4 December 2012, the jury found Defendant guilty on these charges.

 During sentencing, Defense Counsel stipulated to Defendant being sentenced as a

 Prior Record Level II offender, with his indecent liberties conviction from the second
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 trial listed on the prior record level worksheet as his only prior conviction. Defendant

 received three consecutive active sentences of 276 to 341 months each for the two

 first-degree sexual offense with a child convictions and the first-degree rape

 conviction. Defendant further received a consecutive sentence of 19 to 23 months for

 the incest conviction. Defendant was also ordered to register as a sex offender for his

 natural life and to enroll in SBM for his natural life upon his release from

 imprisonment.

¶8 Defendant timely appealed the judgments from his third trial, arguing the trial

 court erred (1) “in ruling that Defendant’s prior [indecent liberties with a child]

 conviction was admissible”; (2) “in using Defendant’s prior [indecent liberties with a

 child conviction] to calculate his prior record level”; and (3) “by failing to intervene ex

 mero motu during the prosecutor’s arguments during sentencing.” Perkins I. We

 found no error. Id.

¶9 On 30 December 2016, Defendant filed a motion for appropriate relief (“MAR”),

 arguing he received ineffective assistance of counsel at his third trial when Defense

 Counsel stipulated to sentencing Defendant as a Prior Record Level II offender.

 Defendant further argued he should be resentenced on the two first-degree sexual

 offense with a child convictions, the first-degree rape conviction, and the incest

 conviction as a Prior Record Level I offender. The trial court denied Defendant’s

 MAR.
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

¶ 10 Defendant subsequently filed a Petition for Writ of Certiorari with this Court

 seeking review of the trial court’s order denying his MAR. We allowed the petition,

 vacated the trial court’s order denying the MAR, and remanded the case for

 reconsideration in light of our holdings in State v. West, 180 N.C. App. 664, 638 S.E.2d

 508 (2006), disc. rev. denied, appeal dismissed, 361 N.C. 368, 644 S.E.2d 562 (2007),

 and State v. Watlington, 234 N.C. App. 601, 759 S.E.2d 392, disc. rev. denied, 367

 N.C. 791, 766 S.E.2d 644 (2014). On remand, the trial court “[found] the stipulation

 to be erroneous” but did “not find that the stipulation by trial counsel [rose] to the

 level of ineffective assistance of counsel[.]” As a result, the trial court ordered a new

 sentencing hearing.

¶ 11 On 19 February 2020, Defendant was resentenced as a Prior Record Level I

 offender for the two first-degree sexual offense with a child convictions, the first-

 degree rape conviction, and the incest conviction. Pursuant to the trial court’s

 judgments dated 19 February 2020, Defendant received three consecutive active

 sentences of 240 to 297 months each for the two first-degree sexual offense with a

 child convictions and the first-degree rape conviction. Defendant further received a

 consecutive sentence of 16 to 23 months for the incest conviction. The trial court

 further ordered that “upon release from imprisonment, [Defendant] shall enroll in

 [SBM] for his[] natural life[.]”
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

¶ 12 On 2 March 2020, Defendant timely filed a written Notice of Appeal. On 14

 December 2020, Defendant filed a Petition for Writ of Certiorari, seeking our review

 of the order requiring him to enroll in lifetime SBM in the event we find his written

 Notice of Appeal failed to comply with Rule 3 of our Rules of Appellate Procedure for

 appeal in a civil matter. We find Defendant complied with Rule 3, and we dismiss

 his Petition for Writ of Certiorari as moot.

 ANALYSIS

¶ 13 On appeal, Defendant (A) challenges the facial validity of the indictments

 charging him with first-degree sexual offense with a child, first-degree rape, and

 incest; (B) argues the trial court erred by imposing lifetime SBM because the findings

 do not support it; and (C) argues the trial court erred by imposing lifetime SBM

 because the trial court did not hold a hearing to determine if lifetime SBM was a

 reasonable Fourth Amendment search. After we allowed Defendant’s motion for

 supplemental briefing on 24 May 2021, Defendant filed a supplemental brief arguing,

 alternatively, he “received statutory ineffective assistance of counsel when his

 resentencing lawyer failed to object to the imposition of lifetime [SBM].”

 A. Sufficiency of the Indictments

¶ 14 First, Defendant argues because the sex offense with a child indictments, first-

 degree rape indictment, and incest indictment referenced the victim only by her

 initials and not her full name, they were facially defective and the defect rendered
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 the trial court without subject matter jurisdiction to enter judgment on these

 convictions against Defendant. “[W]e review the sufficiency of an indictment de

 novo.” State v. McKoy, 196 N.C. App. 650, 652, 675 S.E.2d 406, 409, disc. rev. denied,

 appeal dismissed, 363 N.C. 586, 683 S.E.2d 215 (2009).

¶ 15 Defendant failed to object to the sufficiency of the indictments at the trial court

 and raises this argument for the first time on appeal. Despite this, the issue is

 preserved because “[t]he issue of a court’s jurisdiction over a matter may be raised at

 any time, even for the first time on appeal or by a court sua sponte.” State v. Harwood,

 243 N.C. App. 425, 427-28, 777 S.E.2d 116, 118 (2015). Since indictments confer

 subject matter jurisdiction on the trial court, Defendant’s argument may be raised

 for the first time on appeal. See State v. Rogers, 256 N.C. App. 328, 337, 808 S.E.2d

 156, 162 (2017) (“In criminal cases, a valid indictment gives the trial court its subject

 matter jurisdiction over the case.”).

¶ 16 Generally, “[a] criminal pleading, such as an [indictment], is fatally defective

 if it ‘fails to state some essential and necessary element of the offense of which the

 defendant is found guilty.’” State v. Ellis, 368 N.C. 342, 344, 776 S.E.2d 675, 677

 (2015) (quoting State v. Gregory, 223 N.C. 415, 418, 27 S.E.2d 140, 142 (1943)).

 [I]t is not the function of an indictment to bind the hands
 of the State with technical rules of pleading; rather, its
 purposes are to identify clearly the crime being charged,
 thereby putting the accused on reasonable notice to defend
 against it and prepare for trial, and to protect the accused
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 from being jeopardized by the State more than once for the
 same crime.

 State v. Sturdivant, 304 N.C. 293, 311, 283 S.E.2d 719, 731 (1981).

¶ 17 We previously determined the use of initials to identify a victim is sufficient

 for a second-degree rape and second-degree sexual offense indictment. See McKoy,

 196 N.C. App. at 654, 675 S.E.2d at 410. Defendant argues McKoy is no longer

 binding after our Supreme Court’s opinion in State v. White, 372 N.C. 248, 827 S.E.2d

 80 (2019). Defendant asks us to extend the holding of White as “the logic of White

 undercuts the continued viability of McKoy.”

¶ 18 We recently addressed this same argument in State v. Sechrest and held:

 Nowhere in White does our Supreme Court explicitly or
 implicitly overrule our decision in McKoy. Additionally,
 White does not address the issue of naming a victim solely
 by their initials since the indictment there referenced the
 victim as “Victim #1.” McKoy remains our binding
 precedent and “the use of initials to identify a victim
 requires us to employ the Coker and Lowe tests to
 determine if the indictment was sufficient to impart subject
 matter jurisdiction.”

 State v. Sechrest, 277 N.C. App. 372, 2021-NCCOA-204, ¶ 11 (quoting McKoy, 196

 N.C. App. at 658, 675 S.E.2d at 412) (marks omitted).

 1. Coker

¶ 19 In order to determine if the lack of the victim’s full name renders an indictment

 fatally defective, Coker requires us to inquire whether a person of common
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 understanding would know the intent of the indictments was to charge Defendant

 with the offense. State v. Coker, 312 N.C. 432, 435, 323 S.E.2d 343, 346 (1984).

 a. First-Degree Sexual Offenses

¶ 20 Defendant was indicted for two counts of first-degree sexual offense with a

 child: one count by digital vaginal penetration and one count by cunnilingus.

 Defendant’s indictment for first-degree sexual offense with a child by digital vaginal

 penetration alleges:

 The Grand Jurors for the State upon their oath present
 that between [1 November 2002] and [30 November 2002],
 in Wake County, [Defendant] unlawfully, willfully and
 feloniously did engage in a sex offense with [MXX (DOB:
 XX/XX/19XX)4], a child under the age of 13 years, to wit:
 digital-vaginal penetration. At the time of the offense,
 [Defendant] was at least 12 years old and at least 4 years
 older than [MXX]. This act was done in violation of
 N.C.G.S. § 14-27.4(a)(1).

 Similarly, Defendant’s indictment for first-degree sexual offense with a child by

 cunnilingus alleges:

 The Grand Jurors for the State upon their oath present
 that between [1 April 2003] and [31 May 2003], in Wake
 County, [Defendant] unlawfully, willfully and feloniously
 did engage in a sex offense, to wit: cunnilingus, with [MXX
 DOB: X/XX/19XX)], a child under the age of 13 years. At
 the time of the offense, [Defendant] was at least 12 years
 old and at least 4 years older than [MXX][.] This act was

 4 The juvenile’s date of birth is redacted throughout this opinion to protect her
 identity.
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 done in violation of N.C.G.S. § 14-27.4(a)(1).

¶ 21 At the time of the offenses, N.C.G.S. § 14-27.4(a)(1) provided:

 (a) A person is guilty of a sexual offense in the first degree
 if the person engages in a sexual act:

 (1) With a victim who is a child under the age of 13 years
 and the defendant is at least 12 years old and is at least
 four years older than the victim[.]

 N.C.G.S. § 14-27.4(a)(1) (2002).5 Both indictments tracked the statutory language of

 N.C.G.S. § 14-27.4. Id. While the statute defining a sexual offense in the first degree

 requires the offense to be with “a child under the age of 13 years[,]” id., “the

 indictment charging this offense ‘does not need to state the victim’s full name, nor

 does it need to add periods after each letter in initials in order to accomplish the

 common sense understanding that initials represent a person.’” Sechrest, 2021-

 NCCOA-204 at ¶13 (quoting McKoy, 196 N.C. App. at 654, 675 S.E.2d at 410) (marks

 omitted). A person of common understanding would know the intent of the

 indictments was to charge Defendant with first-degree sexual offense with a child.

 The Coker prong of McKoy is satisfied for these indictments.

 b. First-Degree Rape

¶ 22 Defendant’s indictment for first-degree rape alleges:

 5 N.C.G.S. § 14-27.4(a)(1) was recodified as N.C.G.S. § 14-27.26, effective 1 December

 2015. As the dates of these offenses were from 1 November 2002 to 30 November 2002 and
 1 April 2003 to 31 May 2003, we use the then-existing version of the statute, N.C.G.S. § 14-
 27.4(a)(1), which was effective from 1 October 1994 until 30 November 2015.
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 The Grand Jurors for the State upon their oath present
 that from [1 June 2004] through [30 June 2004], in Wake
 County, [Defendant] unlawfully, willfully and feloniously
 did engage in vaginal intercourse with [MXX (DOB:
 XX/XX/19XX)], a child under the age of 13 years. At the
 time of the offense, [Defendant] was at least 12 years old
 and at least 4 years older than [MXX]. This was done in
 violation of [N.C.G.S.] § 14-27.2[(a)].

¶ 23 At the time of the offense, N.C.G.S. § 14-27.2(a) provided:

 (a) A person is guilty of rape in the first degree if the person
 engages in vaginal intercourse:

 (1) With a victim who is a child under the age of 13 years
 and the defendant is at least 12 years old and is at least
 four years older than the victim[.]

 N.C.G.S. § 14-27.2(a)(1) (2004).6 The indictment tracked the statutory language of

 N.C.G.S. § 14-27.2. Id. While the statute defining rape in the first degree requires

 the offense to be with “a child under the age of 13 years[,]” id., “the indictment

 charging this offense ‘does not need to state the victim’s full name, nor does it need

 to add periods after each letter in initials in order to accomplish the common sense

 understanding that initials represent a person.’” Sechrest, 2021-NCCOA-204 at ¶13

 (quoting McKoy, 196 N.C. App. at 654, 675 S.E.2d at 410). A person of common

 6 N.C.G.S. § 14-27.2 was recodified as N.C.G.S. § 14-27.21, effective 1 December 2015.

 As the dates of the offense were between 1 June 2004 to 30 June 2004, we use the then-
 existing version of the statute, N.C.G.S. § 14-27.2, which was effective until 30 November
 2015.
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 understanding would know the intent of the indictment was to charge Defendant with

 first-degree rape. The Coker prong of McKoy is satisfied for this indictment as well.

 c. Incest

¶ 24 Defendant’s indictment for incest alleges:

 The Grand Jurors for the State upon their oath present
 that on or about [1 December 2008] through [31 December
 2008], in Wake County, [Defendant] unlawfully, willfully
 and feloniously did have carnal intercourse with [MXX
 (DOB: XX/XX/19XX)], who is [Defendant’s] stepchild and
 [Defendant] was aware that he was [MXX’s] stepfather.
 This was done in violation of N.C.G.S. § 14-178.

¶ 25 N.C.G.S. § 14-178 provides, inter alia:

 (a) Offense. − A person commits the offense of incest if the
 person engages in carnal intercourse with the person’s . . .
 parent or child or stepchild or legally adopted child . . . .

 N.C.G.S. § 14-178 (2019).7 The indictment tracked the statutory language of N.C.G.S.

 § 14-178. Id. While the statute defining incest requires the offense to be with “a

 parent or child or stepchild or legally adopted child[,]” id., we see no reason to

 differentiate the use of initials here from those in other sex offenses 8 where “the

 indictment charging this offense ‘does not need to state the victim’s full name, nor

 7 The language of N.C.G.S. § 14-178 has remained the same since 1 December 2002.

 As the dates of this offense were between 1 December 2008 to 31 December 2008, we use the
 now-existing version of N.C.G.S. § 14-178.
 8 We note that our reference to incest as a “sex offense” is merely to address

 Defendant’s only argument on appeal regarding jurisdiction and assume, without deciding,
 that incest is a “sex offense” subject to the requirements of N.C.G.S. § 15-144.2(b).
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 does it need to add periods after each letter in initials in order to accomplish the

 common sense understanding that initials represent a person.’” Sechrest, 2021-

 NCCOA-204 at ¶13 (quoting McKoy, 196 N.C. App. at 654, 675 S.E.2d at 410). A

 person of common understanding would know the intent of the indictment was to

 charge Defendant with incest. The Coker prong of McKoy is satisfied for this

 indictment.

¶ 26 Defendant’s indictments for first-degree sexual offenses with a child, first-

 degree rape, and incest tracked the statutory language of the applicable statutes and

 a person of common understanding would know the intent of each indictment. Each

 of Defendant’s indictments satisfies the Coker prong of the McKoy analysis.

 2. Lowe

¶ 27 In order to determine if the lack of the victim’s full name renders the

 indictments fatally defective, Lowe requires us to inquire whether Defendant’s

 constitutional rights to notice and freedom from double jeopardy were adequately

 protected by the use of the victim’s initials. State v. Lowe, 295 N.C. 596, 603, 247

 S.E.2d 878, 883 (1978).

¶ 28 The Record demonstrates Defendant had notice of the identity of the victim.

 The indictments alleged the victim is Defendant’s stepchild and Defendant was aware

 that he was the victim’s stepfather. The indictments also contained the victim’s date

 of birth, a unique piece of information that enabled Defendant to distinguish between
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 the named victim and all other people in conjunction with the victim’s initials.

 Further, Defendant makes no argument on appeal he had difficulty preparing his

 case because of the use of “[MXX]” instead of the victim’s full name. See McKoy, 196

 N.C. App. at 657-58, 675 S.E.2d at 412; Sechrest, 2021-NCCOA-204 at ¶ 14. In

 addition, the victim testified at Defendant’s third trial and identified herself by her

 full name in open court. See McKoy, 196 N.C. App. at 658, 675 S.E.2d at 412; Sechrest,

 2021-NCCOA-204 at ¶ 14. There is no possibility that Defendant was confused

 regarding the identity of the victim. The use of “[MXX],” together with the date of

 birth, in the indictments provided Defendant with sufficient notice to prepare his

 defense and protect himself against future prosecutions for the same crimes.

 3. Conclusion

¶ 29 The indictments charging Defendant with first-degree sexual offenses with a

 child, first-degree rape, and incest are sufficient to meet the analysis emphasized by

 McKoy as outlined in Coker and Lowe. The use of the victim’s initials and her date of

 birth in the indictments did not render them fatally defective, and the trial court had

 subject matter jurisdiction over these charges.

 B. Findings Supporting Lifetime SBM

¶ 30 Next, Defendant argues the trial court erred by finding he is a recidivist and

 by finding that incest is an aggravated offense. Defendant contends that if he is not

 a recidivist and incest is not an aggravated offense, then it was a violation of N.C.G.S.
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 § 14-208.40A(c) for the trial court to order lifetime enrollment in SBM. Defendant

 filed a Petition for Writ of Certiorari seeking our review of the merits of this argument.

 1. Appellate Jurisdiction

¶ 31 “Our Court has interpreted SBM hearings and proceedings as civil, as opposed

 to criminal, actions[] for purposes of appeal.” State v. Springle, 244 N.C. App. 760,

 763, 781 S.E.2d 518, 520 (2016). As such, “a defendant seeking to challenge an order

 requiring his enrollment in SBM must give written notice of appeal in accordance

 with N.C. R. App. P. 3(a) in order to properly invoke this Court’s jurisdiction.” State

 v. Sprouse, 217 N.C. App. 230, 238, 719 S.E.2d 234, 241 (2011), disc. rev. denied, 365

 N.C. 552, 722 S.E.2d 787 (2012). Rule 3 provides:

 (a) . . . Any party entitled by law to appeal from a judgment
 or order of a superior or district court rendered in a civil
 action or special proceeding may take appeal by filing
 notice of appeal with the clerk of superior court and serving
 copies thereof upon all other parties within the time
 prescribed by subsection (c) of this rule.

 ....

 (d) . . . The notice of appeal required to be filed and served
 by subsection (a) of this rule shall specify the party or
 parties taking the appeal; shall designate the judgment or
 order from which appeal is taken and the court to which
 appeal is taken[.]

 N.C. R. App. P. 3(a), (d) (2021) (emphasis added). Rule 3(c)(1) specifies written notice

 of appeal must be filed within thirty days after the entry of the judgment. N.C. R.

 App. P. 3(c)(1) (2021).
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

¶ 32 Here, the judgments were entered on 19 February 2020. Defendant filed

 written notice of appeal on 2 March 2020, stating he “gives notice of appeal from the

 judgments of the Wake County Superior Court, the Honorable Paul C. Ridgeway

 presiding, dated 19 February 2020 . . . .” However, the State argues “[D]efendant

 gave written notice of appeal from the criminal judgments imposing sentences on his

 convictions, but [D]efendant did not designate with specificity in his written notice of

 appeal that he was also appealing the civil SBM orders.”

¶ 33 Defendant appears to have anticipated the State’s argument and filed a

 Petition for Writ of Certiorari seeking our review of the merits of the case in the event

 we find his written notice of appeal failed to comply with Rule 3. We dismiss the

 Petition for Writ of Certiorari as moot because the orders imposing lifetime SBM,

 titled “Judicial Findings and Order for Sex Offenders – Active Punishment” (AOC-

 CR-615) were incorporated as attachments into the criminal judgments imposing

 sentences on Defendant’s convictions.

¶ 34 Each judgment sentencing Defendant contains the following sentence: “The

 Court . . . finds the above-designated offense(s) is a reportable conviction under

 [N.C.G.S. §] 14-208.6 . . . and therefore makes the additional findings and orders on

 the attached AOC-CR-615, Side One.” This language, present in each of the trial

 court’s judgements, is reproduced below:
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 ...

¶ 35 Defendant was not required to designate with any greater specificity in his

 written notice of appeal that he was also appealing the civil SBM orders because the

 SBM orders were incorporated by reference as attachments into the judgments. This

 Court has jurisdiction over Defendant’s appeal, and we dismiss his Petition for Writ

 of Certiorari as moot.

 2. Specific Findings of Fact

¶ 36 The categories of offenders who statutorily require continuous lifetime SBM

 are offenders who are “(a) classified as a sexually violent predator, (b) a recidivist, (c)

 convicted of an aggravated offense, or (d) an adult convicted of statutory rape of a

 child or statutory sex offense with a victim under the age of thirteen . . . .” State v.

 Grady, 372 N.C. 509, 512-13, 831 S.E.2d 542, 547 (2019) (“Grady III”). If the trial

 court finds a defendant falls within any of these categories, then the trial court “shall

 order the offender to enroll in a satellite-based monitoring program for life.” N.C.G.S.

 § 14-208.40A(c) (2019) (emphasis added).

¶ 37 Defendant was convicted of two counts of first-degree sexual offense with a

 child, one count of first-degree rape, and one count of incest. The trial court found

 the convictions for the two counts of first-degree sexual offense with a child and the

 one count of first-degree rape were aggravated offenses as defined by N.C.G.S. § 14-
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 208.6(1a). Defendant does not challenge these findings, nor does he ask us to treat

 any as conclusions of law, and they are binding on appeal. See State v. Morrow, 200

 N.C. App. 123, 126, 683 S.E.2d 754, 758 (2009) (noting that the findings at an SBM

 hearing that a defendant does not challenge are “presumed to be supported by

 competent evidence and are binding on appeal”). As Defendant has been convicted of

 three aggravated offenses, the trial court was statutorily required to order Defendant

 “to enroll in a satellite-based monitoring program for life.” N.C.G.S. § 14-208.40A(c)

 (2019); see State v. Watson, 258 N.C. App. 347, 354, 812 S.E.2d 392, 397 (“[T]he word

 ‘must’ and the word ‘shall,’ in a statute, are deemed to indicate a legislative intent to

 make the provision of the statute mandatory.”), appeal dismissed, 371 N.C. 340, 813

 S.E.2d 852 (2018).

¶ 38 As a result of his otherwise statutorily-required enrollment in lifetime SBM,

 Defendant’s arguments that the trial court erred in finding he was a recidivist and

 finding incest was an aggravated offense are moot. See Roberts v. Madison Cty.

 Realtors Ass’n, Inc., 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996) (“A case is ‘moot’

 when a determination is sought on a matter which, when rendered, cannot have any

 practical effect on the existing controversy. Courts will not entertain or proceed with

 a cause merely to determine abstract propositions of law.”). Whether the trial court

 erred by finding that Defendant was a recidivist, or whether the trial court erred in

 finding that incest was an aggravated offense, does not have any “practical effect on
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 the existing controversy” as Defendant must still enroll in lifetime SBM, regardless

 of whether the trial court erred in making those findings due to his three

 unchallenged aggravated offense convictions. We need not reach the merits of these

 arguments.

 C. Lack of a Grady Reasonableness Hearing

¶ 39 Defendant argues the trial court erred in imposing lifetime SBM because the

 State failed to meet its burden of proving that the imposition of lifetime SBM

 amounted to a reasonable search under the Fourth Amendment and lifetime SBM

 was ordered without any argument or evidence regarding the reasonableness of the

 Fourth Amendment search effected by SBM.

 1. Preservation

¶ 40 As an initial matter, the State argues Defendant did not properly preserve this

 issue because Defendant did not object on any basis to the imposition of lifetime SBM.

 We agree.

¶ 41 Rule 10 of our Appellate Rules of Procedure requires a defendant to make a

 “timely request, objection, or motion, stating the specific grounds for the ruling the

 party desired the [trial] court to make . . . .” N.C. R. App. P. 10(a)(1) (2021). As

 Defendant did not make the required objection at the trial court, he has waived

 appellate review of this issue. See State v. Ricks, 378 N.C. 737, 2021-NCSC-116, ¶ 5

 (citing to Rule 10(a)(1) in reviewing the imposition of lifetime SBM). Accordingly, he
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 requests this Court exercise its discretion to invoke Rule 2 of the North Carolina

 Rules of Appellate Procedure to reach the merits of his argument.

¶ 42 “[W]e will not ordinarily consider a constitutional question not raised before

 the trial court, [and] Defendant cannot prevail on this issue without our invoking

 Rule 2, because his constitutional argument was waived.” State v. Spinks, 2021-

 NCCOA-218, ¶ 51. We decline to invoke Rule 2 to review Defendant’s unpreserved

 argument on direct appeal and dismiss this portion of his appeal.

 2. Statutory Ineffective Assistance of Counsel

¶ 43 On 24 May 2021, we allowed Defendant’s motion for leave to file a

 supplemental brief based on our decision in Spinks, where we held an indigent

 defendant has a statutory right to effective assistance of counsel in an SBM hearing.

 Id. at ¶ 60. In his supplemental brief, Defendant argues his attorney’s failure to

 object to the imposition of lifetime SBM rises to the level of ineffective assistance of

 counsel, which deprived Defendant of a fair hearing because the State did not put

 forth any evidence in support of the SBM orders and no hearing was held. Such an

 argument is meritless in light of our Supreme Court’s recent holdings.

¶ 44 “On appeal, this Court reviews whether a defendant was denied effective

 assistance of counsel de novo.” State v. Surratt, 2021-NCCOA-407, ¶ 9. “[T]o assert

 a statutory ineffective assistance of counsel claim on appeal from the imposition of

 [SBM], a defendant must show that counsel’s performance was deficient and that this
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 deficiency was so serious as to deprive the party of a fair hearing.” Spinks, 2021-

 NCCOA-218 at ¶ 61 (marks omitted). “In determining whether counsel’s performance

 was deficient, we accord great deference to matters of strategy, and we evaluate the

 conduct from counsel’s perspective at the time[.]” Id. (marks and citations omitted).

 In order to demonstrate prejudice, a defendant must show “a reasonable probability

 that, but for counsel’s errors, there would have been a different result in the

 proceedings.” State v. Braswell, 312 N.C. 553, 563, 324 S.E.2d 241, 248 (1985).

 Presuming, arguendo, Defense Counsel’s failure to object to the imposition of lifetime

 SBM rises to the level of deficient performance, Defendant is unable to show he was

 prejudiced by Defense Counsel’s performance.

¶ 45 Our Supreme Court’s recent caselaw distinguishes between sex offender

 defendants that fall into two categories: (1) “individuals who are not on probation,

 parole, or post-release supervision; who are subject to lifetime SBM solely by virtue

 of being recidivists as defined by the statute; and who have not been classified as a

 sexually violent predator, convicted of an aggravated offense, or are adults convicted

 of statutory rape or statutory sex offense with a victim under the age of thirteen”;

 Grady III, 372 N.C. at 545, 831 S.E.2d at 568-69, and (2) “defendants who are subject

 to SBM due to their conviction of at least one statutorily defined ‘aggravated offense.’”

 State v. Hilton, 378 N.C. 692, 2021-NCSC-115, ¶ 3. As Defendant has been convicted

 of at least one statutorily defined aggravated offense, he falls into the Hilton category.
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

¶ 46 For defendants that fall into the Hilton category, our Supreme Court has held

 that “searches effected by the imposition of lifetime SBM upon aggravated offenders

 are reasonable” and the SBM program as applied to this category of defendants is per

 se constitutional:

 In sum, the State’s interest in protecting the public–
 especially children–from aggravated offenders is
 paramount. The SBM program furthers this interest by
 deterring recidivism and assisting law enforcement
 agencies in solving crimes. Further, an aggravated
 offender has a diminished expectation of privacy both
 during and after any period of post-release supervision as
 shown by the numerous lifetime restrictions that society
 imposes upon him. Lastly, the imposition of lifetime SBM
 causes only a limited intrusion into that diminished
 privacy expectation. Therefore, in light of the totality of
 the circumstances, the paramount government interest
 outweighs the additional intrusion upon an aggravated
 offender’s diminished privacy interests. As such, we hold
 that a search effected by the imposition of lifetime SBM on
 the category of aggravated offenders is reasonable under
 the Fourth Amendment. Therefore, the SBM statute as
 applied to aggravated offenders is not unconstitutional.

 Id. at ¶¶ 4, 36. As Defendant falls within the Hilton category of defendants, any

 imposition of lifetime SBM was not a violation of his Fourth Amendment rights.

¶ 47 Defendant is unable to demonstrate that, but for the lack of Defense Counsel’s

 objection to the reasonableness of the imposition of lifetime SBM, there would have

 been a different result in the proceedings. Defendant was not prejudiced by Defense

 Counsel’s failure to object to the reasonableness of the imposition of lifetime SBM, as
 STATE V. PERKINS

 2022-NCCOA-38

 Opinion of the Court

 our caselaw dictates the search effected by the imposition of lifetime SBM, as applied

 to the category of defendants that Defendant falls in, is reasonable.

 CONCLUSION

¶ 48 The use of the victim’s initials in all four indictments did not render the

 indictments fatally defective. The trial court had subject matter jurisdiction over the

 charges of first-degree sexual offense with a child by digital vaginal penetration, first-

 degree sexual offense with a child by cunnilingus, first-degree rape, and incest.

¶ 49 The trial court did not err by ordering Defendant to enroll in SBM for life as

 he was convicted of at least one aggravated offense. Defendant has not shown he

 received ineffective assistance of counsel at the SBM hearing. Defendant is unable

 to show Defense Counsel’s failure to object to the reasonableness of the imposition of

 lifetime SBM was prejudicial.

 NO ERROR IN PART; DISMISSED IN PART.

 Judges TYSON and JACKSON concur.